WILLIAM M. LAMBETH and another *v.* GEORGE H. CALDWELL and others.

The want of a seal to the certificate of a notary, will be no objection to its admission in evidence. No law requires that a notary shall furnish himself with a seal.

The holder of a note may sue the last endorser, though the maker and previous endorser be solvent.

THIS was an action before the District Court of the parish of Ouachita, *Boyce,* J., by the plaintiffs, composing the commercial firm of Lambeth & Thompson, against Caldwell as drawer, and James H. Brigham and Solomon W. Downs, as endorsers of a note.

MARTIN, J. The defendants are appellants from a judgment against them as maker and endorsers of a promissory note; on the plea of the general issue by the endorsers, and on a judgment by default made final against Caldwell, the maker.

The judgment by default against the maker was correctly made final; his attorney having declared on oath, *'that all the signatures on the note were genuine.'*

The signatures of the endorsers were proved by the above mentioned witness, and by others.

Our attention is drawn to a bill of exceptions taken to the admission in evidence of the certificate of the notary, attesting notice to the endorsers, on the ground that no seal is affixed thereto.

We are acquainted with no law requiring notaries to furnish

themselves with seals. It is true, the general and perhaps universal practice is for such officers to have seals, and to affix them to their certificates. This practice is certainly laudable, but nothing authorizes us to say, that the absence of a seal on the certificate of a notary, can prevent its admission when offered in evidence.

It does not therefore appear that the court erred in receiving the notary's certificate in evidence, as proof of notice.

Downs, one of the endorsers, urges that the judgment is erroneous, because he is the last endorser, and is only liable in the event of the insolvency or failure of the first or preceding endorser to pay the note.

It was never doubted until now, that the holder of a bill or note might sue his immediate or last endorser, although the maker of the note and all the other endorsers were perfectly solvent.

It is therefore ordered that the judgment of the district court be affirmed with costs in both courts, and five per cent damages as to the defendant Caldwell; and that it be affirmed with costs as to the other two defendants, Brigham and Downs.

*McGuire,* for the plaintiffs.

*Copley* and *Downs,* for the defendants.